DA 07-0330

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 160N

CITY OF MISSOULA,

      Plaintiff and Appellee,

  v.

FRANCIS BAGGERMAN,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DC-07-1
                  Honorable Edward P. McLean, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

      Frances Baggerman, Pro Se; Missoula, Montana

      For Appellee:

      Andrew Scott, Deputy City Attorney; Robin Turner Legal Intern for the
      City Attorney's Office, Missoula, Montana


                Submitted on Briefs: March 19, 2008

                        Decided: May 6, 2008

Filed:

                    _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Frances Baggerman was cited for owning a dangerous dog in violation of Missoula City Ordinance § 6.08.170; she pled not guilty and requested a jury trial.  She failed to appear for the pre-trial conference, thus waiving her right to a jury trial.  Nonetheless, the Municipal Court granted her request to reschedule the matter for a jury trial.  This time, Baggerman appeared for the pre-trial conference, but failed to appear for the jury confirmation hearing.  The matter was reset for a judge trial.  Baggerman failed to show up for trial, and was found guilty in absentia.  Baggerman appealed this decision to the District Court on November 28, 2006.  Five months later, after Baggerman had not filed any motions or briefs with the court, the City Attorney's office requested a status hearing.  Once again, Baggerman failed to appear at the hearing.  The City moved to dismiss the appeal pursuant to § 46-17-311(5), MCA (2005).  The District Court granted the motion and dismissed Baggerman's appeal.

¶3    Notice of the status hearing was sent to Baggerman.  She does not challenge the validity of the notice on appeal.  In fact, in her brief, she acknowledges having received

2

notice for several of the previous court dates which she missed. Section 46-17-311(5), MCA (2005), provides:

> If, on appeal to the district court, the defendant fails to appear for a scheduled court date or meet a court deadline, the court may, except for good cause shown, dismiss the appeal . . . . Upon dismissal, the appealed judgment is reinstated and becomes the operative judgment.

Baggerman did not show good cause for missing the status hearing, the fifth scheduled court date at which she failed to appear. Thus, the District Court did not err in dismissing her appeal.

¶4    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. The District Court did not err in dismissing Baggerman's complaint pursuant to § 46-17-311(5), MCA (2005), for failing to appear at a scheduled court date. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE